AXA

IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT EASTERN DIVISION, ILLINOIS

DEANDRE BRADLEY
PLAINTIFF

V

ROCHELLE DOE, KANE COUNTY ADULT JUSTICE CENTER (K.C.A.J.C), DR. SOOD, A. KEATY, RON HAIN, S. MCKANNA, M. AZEMI, J. DIRECTO, L. Aguirre, S. FLOWERS, P. OSMANI WELLPATH L.L.C
DEFENDANTS

23-cv-5020
Judge Ellis
Magistrate Judge Cummings
DIRECT/ PC 7

RECEIVED
JUL 3 1 2023 EW
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

COMPLAINT FOR MONETARY DAMAGES, DECLATORY RELIEF, PERMENANT INJUNCTION

I. PARTIES

1.) Plaintiff DEANDRE BRADLEY is the pro-se plaintiff currently incarcerated at the KANE COUNTY ADULT JUSTICE CENTER (K.C.A.J.C) located 37 W 755 RT 38 St. Charles IL, 60175. Plaintiff has Filed many civil suits in this court and only has one (1) strike. Plaintiff also is aware of the local rules of this court and by no means look to circumvent or avoid them but pleads this complaint is formatted properly and forms are unavailable due to no law library existing in the K.C.A.J.C.

2.) Defendant Rochelle Doe is named as the Health Care Unit Administrator, her first name is Rochelle her last name is unavailable to plantiff so it is titled as Doe upon information and belief she is employed by Wellpath L.L.C who is contracted by defendant K.C.A.J.C and works the day shift 6am-4pm and can be served at 37 W 755 RT 38 St. Charles IL 60175 she is sued in her individual and offical capacity.

3.) Defendant KANE COUNTY ADULT JUSTICE CENTER (K.C.A.J.C) is named properly for claims related to the Americans With Disabilities Act (A.D.A) and Rehabilitation ACT (R.A), sued in its offical capacity.

4.) Defendant RON HAIN is the Head Sheriff of the K.C.A.J.C and is sued as the final policy making offical for said acts in the complaint but is sued in his individual and offical capacity.

5.) Defendants A.KEATY, S.MCKANNA, M.AZEMI, J.DIRECTO, L.AGUIRRE, S.FLOWERS, and P.OSMANI are all security staff employed by defendant K.C.A.J.C and are sued in their individual & offical

Cont; Capacities and can be served at the K.C.A.J.C located 37 W 755 RT 38 St Charles IL 60175.

6.) Defendant Dr. Sood holds the title Medical Director but is mere the jails almost only physican responsible for plaintiff medical treatment he is employed through Wellpath L.L.C who is contracted with the K.C.A.J.C located 37 W 755 RT 38 St. Charles IL 60175; sued in his individual and offical capacity.

7.) Defendant Wellpath L.L.C is a medical provider responsible for providing the medical staff and the policies and practices of such contracted with the defendant K.C.A.J.C and are sued in their individual and offical capacity.

## II EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.) Plaintiff has exhausted all administrative remedies related to the claims in this complaint.

## III. JURISDICTION

1.) Respectfully this court has jurisdiction over plaintiffs claims pursuant to 42 USC, 14 USCA, 28 U.S.C 1337 + 1367

# IV. STATEMENT OF FACT

1.) Plaintiff was processed into the KANE COUNTY ADULT JUSTICE CENTER (K.C.A.J.C) on 3-10-2023, it was late into the night and process went into the morning of 3-11-2023.

2.) Upon process it was noted the plaintiff was visibly wheelchair dependent.

3.) After processing, plaintiff was taken by defendant A. KEATY to be placed in a cell.

4.) The first cell the plaintiff was taken to by defendant A. KEATY was not wheelchair, or handicap accessible.

5.) Plaintiff thoroughly explained his medical condition to defendant A. KEATY and his need for a wheelchair handicap accessible cell with assistive railing.

6.) Defendant A. KEATY acknowledged plaintiff's need and took plaintiff to the medical pod stating "We have some of those cells in medical".

7.) Defendant A.KEATY escorted the plaintiff to the medical pod and upon arrival realized that someone was occupying the cell suitable for the plaintiff.

8.) Defendant A.KEATY then stated to plaintiff that he was not about to do a bunch of cell swiching this late at night when plaintiff refused to be housed in the non-handicap accessible cell.

9.) Defendant A.KEATY then told plaintiff that the refusal of housing at the K.C.A.J.C was a disciplinary offense and that plaintiff would be taken to segregation if he did not go into the cell.

10.) Plaintiff went into the cell and was severly injuried while trying to use the commode on 3-11-2023

11.) The commode had no assistive railing in which caused plaintiff to fall on several occasions causing minor injuries but aggravation to pre-existing conditions that were severe.

12.) Plaintiff learned to navigate the tablet on 3-12-2023, after medication was passed out plaintiff wrote a request to medical because he asked the nurse who was the ADA coordinator and was informed that this was non-existant in the K.C.A.J.C. (see Exhibit 1 Request Report number 586760)

13.) Plaintiff placed the medical department on full notice of his concerns, complaint, dangers faced, and the present irreparable harms both physical + constitutional.

14.) Just having to be lock in that cell caused not only physical aggrevations from falls after having no choice but to use the commode and shower, it caused mental anguish and emotional distress.

15.) Plaintiff is incontenent of the bowel and bladder and uses catheters and depends.

16.) Prior to incarceration plaintiff had a schedule when it came to bowel movements, that forced the use of the commode and shower, so throughout the day he continued to address different departments to try and get help any way he could.

17.) At 11:06 plaintiff clearly is complaing and not just inquiring about how to get help as a person with a disability, first through an actual grievance, 2nd a request to the actual classification department, & third another request to medical. (see Exhibits 2, 3, & 4 Request report numbers 586763, 586764, 586794, 586798, 586799)

18.) Plaintiff did the best he could on 3-12-2023, he would fall two more times while trying to use the commode and have to assist himself, as there is no way to get help due to the emergency call button being at the front door of the cell and the commode being in the back, and then being to high off the actual ground.

19.) The lack of assistive railing present, in general, and in the shower that was not handicap accessible at all.

20.) The shower sits approximately a foot off the actual ground and no stationary seating exist, plaintiff had to use the stool in his cell, and no assistive railing exist.

21.) After climbing in the shower and using it to the best of his ability, while trying to exit the unstationary stool tiped causing plaintiff to began to fall.

22.) Plaintiff tried to break the fall with his knee and grabing hold to his wheel-chair but fell onto his wheelchair and felt a very sharp pain in his abdomen and a cold chill went over his body.

23.) Plaintiff was stuck holding himself up over his wheel-chair. as the wheelchair brake violently puntured his abdomen.

24.) C/O C. Wilwers# was doing rounds and was able to assist the plaintiff out of the painful ackward positioning.

25.) It was like if plaintiff would have given up on holding himself up the metal would have went through his abdomenal wall or worse.

26.) Medical attention was provided and the nurse stated that they were aware of the issues, and that plaintiff would be moved.

27.) Defendant A. KEATY made the first reasonable inference not to place the plaintiff in the first cell after plaintiff explained his medical disabilities.

28.) Defendant A.KEATY would then act objectively unreasonable soley because it was late and he didnt feel like engaging in cell swiching.

29.) Defendant A.KEATY then used the unlawful threat of retaliation through disciplinary action to force the plaintiff inside of this cell of explained forseeable dangers.

30.) On 3-13-2023 plaintiffs physical condition aggrevated, and the abdomenal pain contributed to 3 more falls while trying to use the commode.

31.) Plaintiff would write another grievance at 12:07 after falls and reading responses to several request, and grievances (see. Exhibit 5 report # 586864)

32.) At 9:13 am this grievance was just completly disregarded when it was clearly not just a set of inquires (see. Exhibit 2 report # 586763)

33.) Then at 11:45 am plaintiff was notifed that the request was being fowarded to the health care unit administrator who is defendant Rochelle Doe.

34.) Then after the grievance at 12:07 a response to report request # 586764 to classification was responded to claiming that plaintiff would be moved to a handicap room. (see. Exhibit 2 report # 586764)

35.) Approximately 2pm right around count time plaintiff was moved to F-POD.

36.) Plaintiff upon arrival and approx. for one week was on a quarantine status as all detainees are, and are placed on the top deck of F-POD in which has been designated for such.

37.) The bottom deck has been designated as punitive segregation.

38.) The bottom deck preforms, and creates a seperation as segregation, and what is provided as a generally populated person in quarantine is not provided in segregation.

39.) By living on the pod security staff see no different and treat you as if you are in segregation

40.) The function of the tablet does not allow you access to what is provided to the generally populated due to your cell assignment, and to change the cell, to a generally populated, so tablet can work creates a connectivity issue because your not in the assigned cell of the tablet that you are using.

41.) The jail wont just admit it, but the mattresses are even different. Defendant K.C.A.J.C has a practice of using specific mattress, that are depleted of cushion and should be thrown away for the segregated population.

42.) These mattress are used as an indirect way of inflicting corpal physical punishment against persons who come to segregation.

43.) It is not a mere coincident that the mattresses are of a complete significant difference. Plaintiff saw the physical difference, as the generally populated walked up the stairs with cushioned mattresses and none were in segregation.

44.) Plaintiff didnt just see the difference, he experienced the difference of the mattress.

45.) Plaintiff's physical condition related to his pre-existing injuries causes plaintiff to experience severe convulsions, and muscle spasms that were/are excruciating in pain.

46.) The convulsions, and muscle spasms get worse without medication and presure reduction devices.

47.) To have a wheelchair without any presure reduction devices on top of a non-existant mattress was painful, both physically and mentally and caused convulsions + muscle spasms to become uncontroable.

48.) The convulsions and spasms caused plaintiff to fall from his wheel chair and bed, and be injuried while in F-POD.

49.) The non-existant bed forced plantiff to sleep on bony prominances of his body for long periods of time.

50.) Plaintiff has a history of pressure sores, known as bed sores, and of course began experiencing skin breakdown in parts of his body in which is know medically as stage one (1) of a pressure sore.

51.) Plaintiff didnt waste time addressing the above stated result of what was to come as it was forseeable.

52.) Plaintiff wrote a grievance the exact same day he was moved on 3-13-2023 at 7:40 pm after finally being given a tablet that would allow him to due to the complications stated above in paragraphs (37-50) (see Exhibit 5 report #586910)

53.) Defendant Rochelle Doe is a nurse with the title Health Care Unit administrator and was made aware or plaintiff's safety concerns related to his cell and disability accommodations.

54.) Defendant Rochelle Doe failed to take any precautionary measures when having the plaintiff moved to F-POD.

55.) Defendant Rochelle Doe didnt verify on her own if assistant railing was present in cell F-30 of segregation prior to plaintiffs move, as in fact no one did.

56.) Despite this being one of the main reasons for needing to be removed, and never placed in prior housing, in which was fully recognized, plaintiff still was placed in such housing by defendant Rochelle Doe.

57.) Defendant Rochelle Doe was objectively unreasonable when after full notice, failed to take precautionary measures in making sure that the cell plaintiff was moved to was adequate and had assistive railing.

58.) Plaintiff would began to appeal denied grievances on 3-14-2023 and send more request related to his concerns.

59.) Plaintiff would like to point out the appeal of report # 586763 on page 6 of 15 (exhibit 6), as plaintiff properly appealed the denial of the first written grievance.

60.) Named as Defendant Lt McKanna, in his response, he states that plaintiff did not submit a grievance but asked questions in which is not the entire truth of the grievance.

61.) Defendant Lt. Mckanna just chose to ignore what was the grievance, in which is a complaint, stated throughout but in the very first sentence, in which was "KANE COUNTY jail is current in violation of the RA + ADA", this statement is a complaint. (see Exhibit 2 report # 586763)
On page 10 number 6 (b) of the K.C.A.J.C handbook states "The following issue MAY be grieved by detainees: ... Alleged violations of Federal, State or local Statutes". (see Exhibit 7 K.C.A.J.C pg 10 pa 6 (b))

62.) Plaintiff pleads that defendant Lt Mckanna didnt have a response to the grievance that would assist in avoiding liability in which prompted such responses.

63.) Plaintiff was moved again on 3-15-2023, still in the segregation portion of the jail but in cell F-20 in which finally held assistive railing.

64.) This prompted responses to grievances, but one in particular stands out, defendant Lt Mckanna in plaintiff grievance appeal report request #586950 he states "Mr. Bradley, your inital housing was what we thought would accommodate your needs".

65.) Plaintiff pleads that such a statement is plural, and would include defendant Lt. McKanna and others in the decision making regaurding his safety and disability accommodations.

66.) Plaintiff would file another grievance related to a discriminatory practice by defendant K.C.A.J.C.

67.) Plaintiff would see defendant Dr. Sood while in segregation and addressed his medical, in which were related to his disability concerns in which were as followed;

(i) A pressure reduction device for his bed and wheelchair

(ii) Medications plaintiff took directly prior to his incarceration that addressed his neurologic pain related to convulsions and muscle spasms.

68.) Defendant Dr. Sood stated that he did not Know how to address concerns related to plaintiffs disability and that the pain medication gabapenten was not provided in this jail in which he claimed was a policy of the jails medical provider.

69.) Plaintiff asked over and over that his doctor from Integra Care Clinic "Dr. O", as plaintiff referes to him due to his inability to pronouce his name or spell it, be contacted so that proper continuing care be provided related to medications and disability accommodations.

70.) This was also denied by Defendant Dr. Sood, which made no sense at all, but prescribed mental health meds as an alternate to gabapentin prior to a conversation or notice to plaintiff made sense to defendant Dr. Sood.

71.) Plaintiffs disability accommodations were address by defendants Dr. Sood and Rochelle Doe by providing an extra mattress and item refered to as a doughnut in which was not a reasonable accomm.

72.) Plaintiff would later learn that this decision was reached by defendant Dr. SOOD, Rochelle Doe, and members of what is K.C.A.J.C. Admin staff.

73.) Upon information, the Administrative Staff are the top security staff of the jail including Lieutenants, Captains, and Commander, which includes Rochelle Doe as the Health care Unit

Cont; Administrator and Dr. Sood as the facilities Medical director.

74.) The security staff that make up administrative staff are specifically defendants Lt. Mckanna, Lt. Azemi, Lt. Directo, CPt. Aguirre, CPT. Flowers, and Commander Osmani.

75.) This is who defendant Lt. Mckanna was refering to as "We" in his grievance response in which is a showing of a interferance in medical by Administrative Security.

76.) Plaintiffs situation would get worse related to pressure wounds, convulsions, and muscle spasms.

77.) Plaintiff's third visit to defendant Dr. Sood is when he would finally accept having plaintiffs doctor contacted for a list of medications and treatments after repeated injuries in the cell related to convulsions muscle spasms, sleeping conditions, and pressure wounds.

78.) Plaintiff took preventive measures by using his mattress as a pressure reduction device in his wheelchair, and by sleeping in his wheelchair to avoid pressure wounds, to his body. as best he could, as others didnt work.

79.) Defendants Lt. Mckanna, Lt. Azemi, Lt. Directo, Cpt. Aguirre, Cpt. Flowers, and Commander Osmani are named collectively as defendants Administration.

80.) Defendants Administration's interference has had the ultimate effect on plaintiffs disability accommodations + medical treatment.

81.) The doughnut was provided as a cheap and super security alternate, along with providing a double mattress, neither was a reasonable accommodation.

82.) Plaintiff explained what was needed to defendants Dr. Sood and Rochelle Doe, they ignored plaintiff and made the objectively unreasonable decisions to provide such, based on influences by defendants Administration.

83.) Defendants Administration are not medical staff, they are security, and carry such mind-frame.

84.) Plaintiff explained to defendants Dr. Sood and Rochelle Doe that his size, weight, and skin type required larger insulated pressure reduction devices to avoid pressure sore and aggravating his muscles in avoiding excerbated convulsion and spasms.

85.) The doughnut is foam, and without any pressure reducing technology and is insufficent in general in size.

86.) Defendant K.C.A.J.C general population mattress also is without any pressure reducing technology and is half its original size after use, segregation mattress was worse.

87.) After skin breakdown continued and reports of falls due to plaintiff having to sleep in his wheelchair defendant Rochelle Doe would seek a gell cushion mattress

88.) After its arrival defendants Administration denied it.

89.) Defendant Administration claimed that the zipper on it posed a saftey issue refering to the metal and their interference caused more delay and injuries to the plaintiff.

90.) Defendants Administration decision served no governmental intrest in keeping the jail safe, neither any common sense or penological sense.

91.) Plaintiffs accommodations related to his medical must be addressed on a case by case basis, what works for one might not work for another.

92.) Plaintiff has not misued any medical devices and understands the need of such devices.

93.) Defendants Administration is aware that plaintiff is in possession of a wheelchair with plently of removable metal, both large and small pieces.

94.) Defendants Administration only did one check related to my wheelchair, they do not do scheduled or random checks and only will start in retaliation of this complaint to make it look a certian way to courts.

95.) It makes no sense, penological or common to interfere or delay necessary, needed reasonable accommodations over a zipper when plaintiff has had access to all the metal he needs to do something that would cause a security concern, and defendants Administration are aware of this.

96.) Defendants Administration's delay of the pressure reduction mattress prolonged pain and suffering and a pressure sore to develope to stage two in which was extremely painful, in the process, and healing of the sore.

97.) Defendants Administration struck again and did the same with interfering in another medical need, defendants wheelchair seat cushion.

98.) Again medical staff defendant Rochelle Doe has been inherently responsible for defendants disability accommodations related to his medical treatment due to the failure of defendants Wellpath L.L.C and K.C.A.J.C having an Americans With Disabilities Act (A.D.A) coordinator or department.

99.) Reasonable accommodations related to plaintiffs medical treatment had been extremely delayed and interferred with by defendants Administration over a zipper.

100.) Plaintiff is currently suffering from severe hemorrhoids, this causes his buttox and rectum to be in constant severe pain daily exerbated due to sitting all day.

101.) Plaintiffs daily activities were extremely affected since defendant Rochelle Doe demanded the only reasonable accommodation available made by the plaintiff which was using the jails mattress as a seat cushion be removed.

102.) Defendant Rochelle Doe's decision was based on covering up a Sergants Hoffmans excessive force actions as he claimed plaintiff slide out of the wheelchair due to the presense of the mattress when really his physical orders and physicals actions were the reason for the Fall and plaintiffs injuries.

103.) Plaintiffs wheelchair use became excessively painful and very limited daily by this action.

104.) The hemorrhoids along with no seat cushion left the plaintiff with no use of his wheelchair, or forced plaintiff to experience extreme pain while trying to engage in daily activities due to the hard pressure of no seat cushion on the hemorrhoids

105.) The pain from sitting with the hemorrhoids became so painful plaintiff broke out in sweats and became dizzy then passed out just from sitting.

106.) Approximately July 13, 2023 plaintiff was finally provided with a wheelchair cushion and it has assisted with the daily use of the wheelchair by allowing pressure from being reduced from the pain that is present, but not fully from hemorrhoids.

107.) Since plaintiff arrival he has noticed that defendants K.C.A.J.C has no visual, or written procedural policies related to the Americans With Disabilities Act (A.D.A) nor Rehabilitation Act (RA).

108.) There at all times relevant to this complaint has been no staff required to as a title individually adress or advocate on behalf of persons with disabilities such as the plaintiff.

109.) Nowhere in this facility is there any memo's or any policies on how to recieve assistance as a person with a disability or mention on training of such.

110.) Plaintiff throughout his time has been ignored, disregaured, refused, and intentionally discriminated against related to reasonable accommodations, assistance in general, cell assignments, medical treatment etc..., due to defendants K.C.A.J.C and Wellpath L.L.C's failure to appoint, train, supervise both security and medical staff and implement written policies and procedures on the A.D.A and R.A, but gladly accept funds for such.

111.) The actions, failures, and treatment of the plaintiff has subjected him to serious physical injuries over and over, serious mental anguish, and severe emotional distress out-lined in a Bill of Particulars of this complaint.

112.) Defendant Sheriff RON HAIN has turned a blind eye as the final policy maker on the disabled population.

113.) This has left the door open for unconstitutional unwritten policies and practices by security staff like defendants Administrative Staff to engage in a do as we please type of enviornment such failures contributed to the discrimnation, and plaintiff injuries.

114.) Plaintiff respectfully would like this addressed, to be compensated for his injuries and for things to change

V. COUNTS

1.) All counts are incorporated with the above complaint and stated herein

Count 1 - Defendant A. KEATY was objectively unreasonable when soley due to it being late and not wanting to do cell swiching he failed to take precautionary measures after taking the reasonable inferences and being made aware of forseeable dangers plaintiff faced failed to place plaintiff in a handicap accessible cell in violation of plaintiffs 14th amendment rights causing the plaintiff physical injuries mental anguish and emotional distress.

COUNT 2 - Defendant A. KEATY retaliated against the plaintiff when engaging in protected rights under the A.D.A, R.A, & 14th amendment threatened plaintiff with segregation over being safe, reasonably accommodated and discriminated against.

COUNT 3 - Defendant Rochelle Doe was objectively unreasonable when she failed to take precautionary measures related to plaintiffs cell assignment when she had plaintiff moved from one cell to another without checking to see, as the cell presented the same issue and reason for the moving plaintiff and caused plaintiff further injuries and aggervation to his pre existing condition in violation of his 14th amend. rights.

COUNT 4 - Defendant Dr. SOOD was objectively unreasonable when he failed to take precautionary measures related to plaintiffs medication by refusing to contact plaintiffs previous physian and subjecting the plaintiff to an involentary intoxication by the administration of psychotropic medications as an alternate of pain medications without plaintiffs consent or notice by any appointment, causing physical discomforts, pain, mental anguish, and emotional distress, in violation of the 14th amendment.

COUNT 5 - Defendant Dr. Sood was objectively unreasonable when he failed to take precautionary measures related to contacting previous physican resulting in the denial of plaintiffs neuropathic pain meds as such delays caused severe pain, convulsions and muscle spasms be exerbated in violation of plantiffs 14 amendment rights

COUNT 6 - Defendants named as Administration S. Mckanna, M. Azemi, J. Directo, L. Aguirre, S. Flowers, and P. Osmani caused plaintiff prolonged pain, injuries and suffering by the interfering in medical treatment without having any ligitimate governmental intrest and penological purpose of saftey related to

Cont; the denial of the pressure reduction devices ordered over zippers when plaintiff uses wheelchair and other devices that contain metal in violation of plaintiffs 14 th amendment Rights.

COUNT 7 - Defendant K.C.A.J.C through defendant Sheriff RON HAIN has failed to establish a space for persons with physical disabilities and intentionally discriminates against such when they as the plaintiff was are forced into segregation denying priviliges on the same basis as other non-disabled persons soley due to their disability and inability to physically reach the top deck in violation of the A.D.A &RA.

COUNT 8 - Defendant K.C.A.J.C has failed to implement any policies, practies, procedures, memos or anything related to how to recieve assistance as a person with a disability neither train its staff on addressing persons with disabilities creating a discriminatory, unsafe, and Freefall do as we please zone here in the K.C.A.J.C in violation of the 14th amend., A.D.A, and R.A.

COUNT 9 - Defendant Sheriff RON HAIN practices the unwritten policy of intentionally placing depleted mattress use in the segregation are of the K.C.A.J.C, as a corpal form of punishment to inflict physical pain soley to persons who allegedly break rules and are housed in segregation area whether on such status or not as plaintiff was not and was subjected to such causing severe pain, suffering and aggravation to preexisting injuries and injuries in violation of the plaintiffs 14th amendments rights.

COUNT 10 - Defendant Wellpath L.L.C engages in an unconstitutional custom/policy of failing to hire, + train medical staff in the A.D.A and R.A, the absense of such has caused plaintiffs to be placed in a known substantial risk of harm by security and medical staff and to go without reasonable accommodations causing severe injuries, aggravation to preexisting conditions, prolonged paint suffering mental anguish + emotional distress in violation of plaintiff 14th amendment Right, A.D.A rights, and R.A. Rights.

COUNT 11 - Defendant Rochelle Doe Subjected the plaintiff to prolonged pain+ suffering when to assisting in covering up foul play of a Sergants actions deemed plaintiffs own reasonable accommodation of using the mattress as a seat cushion and replacing it with the inadequate doughnuts in violation to plaintiffs 14th amend. rights.

VI. BILL OF PARTICULARS

1.) As stated above in the complaint, counts and incorporated here-in are a bill of particulars related to injuries suffered.

2.) Plaintiff suffered a severe injury to his right abdomen that left a very gursome scare and disfigurement.

3.) Plaintiff falls some 7 times or more in total related to trying to use the commodes and shower causing severe aggravation to his pre-existing back injury

4.) The failure to provide certian medications

Cont; caused violent and painful convulsions and muscle spasms plantiff had one in the dayroom that was so bad he had to be assisted in taking his medications. They have caused plaintiff to be thrown from his bed and wheelchair in which only aggravates and makes the condition worse.

5.) The delay and failure to address plaintiffs overall need for pressure reduction devices caused several stage 1 pressure sores and a stage 2 pressure sore.

6.) Pressure sores are extremely painful to sit and feel a bony prominice just force your skin to eat its self away and to feel such and watch such happen to your body is an unimmagable pain and more so mentally anguish.

7.) Pressure sores if infected can become deadly fast espically for double incontinent persons due to the uncontrol of fecal matter present in areas at times.

8.) While sleeping in a wheelchair plaintiff fell and slammed his face into the door causing a severe laceration to his face, falling from his wheelchair happend several times while sleeping causing severe aggrevation and mental anguish

9.) The time relevant to this complaint has caused the plaintiff severe mental anguish. Plaintiff pleads it is disturbing having to live under conditions and the authority that over and over allows know dangerous conditions that continue to cause physical injuries, the emotional distress is present as well

VII. RELIEF

1.) Plaintiff is requesting compensatory damages for all injuries suffered in the amount of $1,500,000.00 (One-Million-Five-Hundred-thousand-dollars). Plaintiff pleads this is a serious amount requested and reflects the injuries that plaintiff suffered physically day in and day out, week after week and also the mental anguish and emotional distress brought on by these defendants.

2.) Plaintiff is requesting punitive damages in the amount of $750,000.00, some actions by the defendant reflect a certian intent as the authoritysand final policy maker in which were purposeful the damage amount is half of the compensatory in which is appropriate.

3.) Plaintiff is requesting nominal damages in the amount that this court deem just.

4.) Compensatory damges are collectively based on Illinois damage principles such as disfigurement, pain & suffering, aggravation to a preexisting condition, mental anguish, emotional distress and was not just a blind calculation of some unreal amount of money requested.

5.) Plaintiff request that the following is Declared; (1) All violations in full or in part were violated, plaintiff respectfully ask this court to constue counts as they see fit but declare for the record that in full or in part the rights of the plaintiff was violated.

6.) Plaintiff request permenent injunction relief as follows; (1) The removal of the depleted mattresses in punitive segregation being used as a form of corpal punishment, (2) Staff both medical and security are trained on the A.D.A and R.A related to treatment and cell assignment, (3) K.C.A.J.C develope a A.D.A department and or A.D.A coordinator trained in specifically addressing concerns and advocating on behalf of the disabled population, (4) Place in the Handbook, and posted memo's the rights of persons with disabilites and how to recieve assistance as a person with a disability

7.) The above are needed to address serious problems that are present within this Facility, this jail and its administration believe that they only have to adhere to what is refered to as the "County Jail Standards" and move as if the constitution does not exist, they believe that as long as they are in their own distorted view of compliance of these jail standards then this is proper respectfully they need a wake up call and shown as a deterance that actions stated here in are not acceptable by law.

RESPETFULLY SUBMITTED

28 U.S.C §1746 Everything stated is true and correct

Plaintiff request trial by jury.

s/s/ Deandre Bradley
DEANDRE BRADLEY 7/19/23

CERTIFICATE OF SERVICE

This Complaint For Damages is being filed by pro-se plaintiff DEANDRE BRADLEY from the KANE COUNTY ADULT JUSTICE CENTER (K.C.A.J.C.) located 37 W 755 RT 38 St Charles IL 60175 to the Clerk of the U.S. Dist. Court Northern Dist EAstern Div. located 219 S Dearborn Street Chicago IL 60604 via U.S postal service as it will be placed in the mail 7-19-2023

s/s/ Deandre Bradley
DEANDRE BRADLEY 7/19/23

# Request Report (Exhibit 1)



Request Type: MAIL | Request Subtype: MAIL
Assigned Group: MAIL ROOM | Assigned User:
Request Number: 586691 | Status: CLOSED | Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A | Current Location: A 18 B
Inmate Number: 460124 | Inmate Secondary Number:

Stamp | Action | Detail | User

03/11/2023 11:54 am
ORIGINAL REQUEST:
Hello

03/14/2023 01:15 pm — DKOMES
CLOSED:
Do you have a question for the maiilroom?

---

Request Type: MEDICAL | Request Subtype: SICK CALL
Assigned Group: MEDICAL STAFF | Assigned User:
Request Number: 586760 | Status: CLOSED | Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A | Current Location: A 18 B
Inmate Number: 460124 | Inmate Secondary Number:

Stamp | Action | Detail | User

03/12/2023 09:24 am
ORIGINAL REQUEST:
I need to speak with whomever prior to my arrival was designated as the ADA coordinator I been made aware by medical (nures who distributed my morning meds)and security staff(C/O Heller that this facility Kane County jail does not have a ADA coordinator. I am a person with several disabilities and I am protected under the Americans with disability act and Rehabilitation Act but Kane County Jail are breaching these acts and due to the seriousness of the lack of accommodations or requested reasonable accommodations and the irreparable harm I face if my issue are not addresses a grievance will follow and a complaint Kane County have been offically put on notice of my issues and concerns

03/13/2023 11:45 am — ACUNNINGHAM
RESPONSE:
Your request is being orwarded to the Medical administrator for review and response. Thank you.

03/13/2023 07:23 pm
INMATE RESPONSE:
Can I have that persons name please and thankyou

03/15/2023 10:16 am — RSTOCKMAN
CLOSED:
You have been moved to an ADA Compliant room at this time. If you have any further accomodations that need to be met in the future, please reach out to custody who is in charge rooming.

---

Request Type: GRIEVANCE | Request Subtype: GRIEVANCE
Assigned Group: GRIEVANCE | Assigned User:
Request Number: 586763 | Status: CLOSED | Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A | Current Location: A 18 B
Inmate Number: 460124 | Inmate Secondary Number:

Stamp | Action | Detail | User

(Exhibit A)

Request Type: GRIEVANCE Request Subtype: GRIEVANCE
Assigned Group: GRIEVANCE Assigned User:
Request Number: 586763 Status: CLOSED Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A Current Location: A 18 B
Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User
Detail

03/12/2023 11:06 am
ORIGINAL REQUEST:
Kane County jail is current in violation of the Rehabilitation act and the Americans with disability act fist (1)does Kane county accept funds from the federal government? If yes then despite the fact that the jail is considered a public entity and must be in compliance under the ADA ACT in general but more so because it received federal funds from the government now undisputable proof this facility just completely disregarded the law is the fact that no where in the tablet at all in the rules regulations or anywhere does it give the slightest mention of how persons with disability set help here so when i verbally inqued to nursing and security staff doing my medications Saturday and Sunday neither medical staff even knew what I meant by ada security C/OHeller would information nurse that ada is the disability stuff and that we have no department for that here please answer the question above herein and below (2) if there is no mention on how a disabled person is to get help how do we get adequate help here at Kane county as disabled persons I'm in pain suffering at risk or irreparable harm from the reuse of my condom catheter inadequate medications being provided some not provided at all I fallen trying to use the toilet twice and still will have to use the shower eventually this is. Emergency grievance and needs to be expedited to whomever is responsible

03/13/2023 09:13 am JBREDLAU
CLOSED:
This is a set of inquiries and statements, not a grievance.

Per the Detainee Handbook, a grievance must contain all of the following for it to be an acceptable submission:
a. The date and time of the alleged offense.
b. Location of the alleged offense.
c. All parties involved in the alleged offense.
d. Nature of the alleged offense WITH a short explanation of the alleged offense.

Your request does not meet the criteria of a grievance as specified in the Detainee Handbook.

If there is a specific event you would like to submit a grievance about, please follow the proper procedure. Inquiries as to medical concerns need to be submitted to medical staff.

---

Request Type: CLASSIFICATION Request Subtype: HOUSING REQUESTS
Assigned Group: CLASSIFICATION Assigned User:
Request Number: 586764 Status: CLOSED Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A Current Location: A 18 B
Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User
Detail

03/12/2023 11:09 am
ORIGINAL REQUEST:
I am requsetinfg handicapped accessible housing that have A**istve railing etc..

03/13/2023 12:21 pm JRYDER
CLOSED:
You will be moved to a handicapped room

Request Type: LIGHTHOUSE PROGRAM  Request Subtype: REQUESTS TO JOIN LIGHTHOUSE PROGRAM

Assigned Group: LIGHTHOUSE REQUESTS  Assigned User:

Request Number: 586765  Status: CLOSED  Inmate Name: DEANDRE BRADLEY

Initial Location: Medical 05 A  Current Location: A 18 B

Inmate Number: 460124  Inmate Secondary Number:

Stamp Action Detail  User

03/12/2023 11:11 am

ORIGINAL REQUEST:

What is the lighthouse program

03/13/2023 11:33 am  JBREDLAU

CLOSED:

It is an addiction and recovery program that focuses on self-improvement and eliminating recidivism.

---

Request Type: GRIEVANCE  Request Subtype: GRIEVANCE

Assigned Group: GRIEVANCE  Assigned User:

Request Number: 586794  Status: CLOSED  Inmate Name: DEANDRE BRADLEY

Initial Location: Medical 05 A  Current Location: A 18 B

Inmate Number: 460124  Inmate Secondary Number:

Stamp Action Detail  User

03/12/2023 04:46 pm

ORIGINAL REQUEST:

Today I tried using the shower I was able to get in the washing was inadequate because the shower head is so high and I had to use the stool that is in the cell with no available A**istive railing and the base an entire foot off the ground with nothing to hold to my foot slide and I fell out the shower on to my knee first its swollen and busted open and then I continued to fall onto the wheelchair issued the brake almost punctured my addomen but just left a superficial swollen wound that will leave scarring so how will I shower moving toward I'm choosing between nasty fungal situations and possible severely hurting myself  I can at this point guarantee civil action cause lookvat my course of redress options an electronic grievance that's gonna take 15 days to respond to I'm frustrated and in pain and need help

03/14/2023 08:54 am  JBREDLAU

CLOSED:

The officer documented that you were seen by medical and you have since been relocated to a room that better facilitates your medical equipment.

---

Request Type: TABLETS  Request Subtype: TABLET PROBLEMS

Assigned Group: TABLETS  Assigned User:

Request Number: 586796  Status: OPEN  Inmate Name: DEANDRE BRADLEY

Initial Location: Medical 05 A  Current Location: A 18 B

Inmate Number: 460124  Inmate Secondary Number:

Stamp Action Detail  User

03/12/2023 04:50 pm

ORIGINAL REQUEST:

Look there is no problem I want to make a brief suggestion is there anyway to add the android notebook app that allows you to write and keep notes I feel it will help and encourage positive things like book writing etc and if this is the wrong forum for such a request I apologize and would like to know how to go about this

Request Type: MEDICAL | Request Subtype: MENTAL HEALTH
Assigned Group: MENTAL HEALTH | Assigned User:
Request Number: 586797 | Status: CLOSED | Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A | Current Location: A 18 B
Inmate Number: 460124 | Inmate Secondary Number:

Stamp | Action | Detail | User

03/12/2023 04:51 pm
ORIGINAL REQUEST:
Her if I could get some none writing paper and my pencil sharpened I'd be grateful

03/12/2023 08:55 pm — MENTAL HEALTH
RESPONSE:
Yes. We can provide that to you.

03/12/2023 09:00 pm — MENTAL HEALTH
CLOSED:
<NO COMMENT GIVEN>

---

Request Type: MEDICAL | Request Subtype: SICK CALL
Assigned Group: MEDICAL STAFF | Assigned User:
Request Number: 586798 | Status: CLOSED | Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A | Current Location: A 18 B
Inmate Number: 460124 | Inmate Secondary Number:

Stamp | Action | Detail | User

03/12/2023 04:53 pm
ORIGINAL REQUEST:
So I've had on the same Texas catheter since I got here and its starting to burn when I urinate and it still smelled after I shower sounding real uti like to me just don't let it get to the point where I can't pee

03/13/2023 11:07 am — ACUNNINGHAM
CLOSED:
Your request has been forwarded to nursing staff. Thank you.

---

Request Type: INTAKE & RECEIVING | Request Subtype: GENERAL REQUEST
Assigned Group: INTAKE ALL STAFF | Assigned User:
Request Number: 586799 | Status: CLOSED | Inmate Name: DEANDRE BRADLEY
Initial Location: Medical 05 A | Current Location: A 18 B
Inmate Number: 460124 | Inmate Secondary Number:

Stamp | Action | Detail | User

03/12/2023 04:56 pm
ORIGINAL REQUEST:
The medical intake lady did a horrible job on intake review the camera she even tried to force me on suicide watch so when yall ready for the sake of helping y'all selves I think my intake exam should be revisited so that my medical is accurate documented

03/13/2023 03:05 pm — RENSTROM
CLOSED:
This section of the kiosk is for booking and court-related requests only. Please resubmit this to Medical or Grievances to be addressed.

Request Type: GRIEVANCE Request Subtype: GRIEVANCE

Assigned Group: GRIEVANCE Assigned User:

Request Number: 586864 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: Medical 05 A Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/13/2023 12:07 pm

ORIGINAL REQUEST:

3/10/2023-3/13/2023 Kane County jail intake/receiving/medical parties involved;Kane count sheriff (whomever is the head or final policy making official,Kane county intake examiner Jane doe Nature of Alleged Offenses; Violation of federal statues Americans with disabilities Act,Rehabilitation Act,14 amendment due process related to pretrial detainee medical and prescribed medications statement below; Upon arrival I was given an inadequate intake exam that didn't allow me to relay important specific medical information this meetings lasted less than 5 minutes then I was placed in a non handicapped or wheelchair accessible cell so I refused security staff indirectly admitted that there was a handicapped accessible cell but occupied and the occupant was not disabled yet I was still denied the safety of that cell accommodation them place in a medical cell on the medical wing that was not ada complaint at all fell 3 time's injuries caused

03/14/2023 09:35 am JBREDLAU

CLOSED:

Please resubmit the portion of this request regarding the intake medical exam to the medical staff to be addressed. If you feel their response does not rectify this matter, you may then submit a grievance and include the request number of that correspondence. The matter of housing has been addressed in a prior grievance.

---

Request Type: LIGHTHOUSE PROGRAM Request Subtype: REQUESTS TO JOIN LIGHTHOUSE PROGRAM

Assigned Group: LIGHTHOUSE REQUESTS Assigned User:

Request Number: 586906 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/13/2023 07:22 pm

ORIGINAL REQUEST:

Souns like something I need do o fit the criteria and how do I sign up

03/14/2023 03:46 pm JBREDLAU

CLOSED:

The Lighthouse staff utilizes a detainees outside residence as one of their criteria when evaluating potential candidates for their program. Unfortunately, your residence (acknowledged and signed by you as being accurate during the intake process) is currently outside their parameters for acceptance into the Lighthouse program.

---

Request Type: GRIEVANCE Request Subtype: GRIEVANCE

Assigned Group: GRIEVANCE Assigned User:

Request Number: 586910 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/13/2023 07:40 pm

ORIGINAL REQUEST:

3/13/2023 2pm (F-pod) Failure to accommodate. I have been given a depleted almost nonexistent mattress the fact that this jail can't address my disability concerns due to the lack of knowledge of the Americans with disabilities Act. These laws clearly established and are being ignored is sacary because I asked for several mattress and have a severe history of shearing and pressure wounds in a few day of sleeping my skin gone go into stage one and if y'all don't believe me send for a medical request information to stateville NRC for my medical records I'm putting y'all on notice that this cell has no A**istve railing and why am I being treated like I'm in segregation

Request Type: GRIEVANCE  Request Subtype: GRIEVANCE
Assigned Group: GRIEVANCE  Assigned User:
Request Number: 586910  Status: CLOSED  Inmate Name: DEANDRE BRADLEY
Initial Location: F 16 B  Current Location: A 18 B
Inmate Number: 460124  Inmate Secondary Number:

Stamp Action Detail  User

03/14/2023 09:58 am  JBREDLAU
CLOSED:
If an additional mattress is necessary due to medical issues. that must be prescribed by the facility physician. You may submit a request to medical staff about this and any other medical concerns you may have. There is a railing attached to the commode in your room. As for your complaint of feeling like you are in segregation, all detainees undergo the same initial quarantine protocol as you are when remanded into custody.

Request Type: GRIEVANCE  Request Subtype: GRIEVANCE
Assigned Group: GRIEVANCE  Assigned User: SMCKANNA
Request Number: 586948  Status: CLOSED  Inmate Name: DEANDRE BRADLEY
Initial Location: F 16 B  Current Location: A 18 B
Inmate Number: 460124  Inmate Secondary Number:

Stamp Action Detail  User

03/14/2023 11:26 am
ORIGINAL REQUEST:
This grievance #586763 is being appealed for the purposes of exhausting my administrative remedies so I can show the courts KANE COUNTY lack or care and concerns for disabled persons it is a shame that regardless of the fact that this was not only my first grievance filed, but in my grievance I state specific issues in which me personally would seek to address no matter if they were not presented to the tip of the directions in the handbook so should I A**ume that nothing exist for handicap persons since its not outlined in the handbook and just take to a court and scream bloddy murder I didn't, and how the date and time can be added or asked, and my location in which is know to the prison at the time of the filing due to everything being electronically none of my inquires were addressed in the response just complety ignored off the bases of a technicalities so I'm speaking this to exhaust my next step is court

03/14/2023 11:41 am  JBREDLAU
RESPONSE:
Forwarded for appeal as requested.

03/14/2023 11:42 am  JBREDLAU
USER ASSIGNED CHANGED
FROM <UNASSIGNED> TO [SMCKANNA] MCKANNA, S

03/15/2023 02:36 pm  SMCKANNA
CLOSED:
Mr Bradley. you did not state a griveance but asked some questions 1.) does Kane county received federal funds?- Please submit a FOIA request to the property entity for more information on governmental finances. 2.) How does persons with disabilitites received help here? - Just as would anyone else with medical needs, by submitting request to the medical staff on the kiosk. If there is a more emergant need, speak with the officer who will notifiy medical and they will assess. I hope this answers your questions but for appeal purposes this is denied due to not being a grievance. Lt- McKanna 721

Request Type: GRIEVANCE  Request Subtype: GRIEVANCE
Assigned Group: GRIEVANCE  Assigned User: SMCKANNA
Request Number: 586950  Status: CLOSED  Inmate Name: DEANDRE BRADLEY
Initial Location: F 16 B  Current Location: A 18 B
Inmate Number: 460124  Inmate Secondary Number:

Stamp Action Detail  User

Exhibit 1

a. If the kiosk system is unavailable for whatever reason, each housing unit has available a paper Detainee Grievance Form that may be used by detainees to submit grievances. These must be sent to the Lieutenant handling grievances. They will be handled as mail from the housing units and responses will be returned to the detainee in the same manner. All procedures under this section must still be followed when filing a paper Detainee Grievance Form.

2. All grievances must be filed within forty-eight (48) hours of the alleged offense **UNLESS** the detainee can show good cause for the delay.

3. The form **MUST** be filled out legibly and neatly. Illegible or incomplete forms and forms with profanity will be returned to the detainee. If the sender cannot be determined then the form will be destroyed.

4. The form **MUST** contain the following:

    a. The date and time of the alleged offense.
    b. Location of the alleged offense.
    c. All parties involved in the alleged offense.
    d. Nature of the alleged offense WITH a short explanation of the alleged offense.
    e. The filing detainee's name, signature and booking number.

5. Detainees may file a grievance **WITHOUT** fear of reprisal.

6. The following issues **MAY** be grieved by detainees:
    a. Alleged violations of the Illinois County Jail Standards.
    b. Alleged violations of Federal, State or Local Statutes.
    c. Alleged inappropriate conduct by staff.
    d. Alleged denial of individual rights.
    e. Alleged denial to programs or services.
    f. Requests brought to the housing unit officers attention which are **NOT** resolved at that level.

7. The following issues may **NOT** be grieved by detainees:
    a. Facility schedules.
    b. Security measures.
    c. Housing assignments
    d. Disciplinary actions taken by a disciplinary hearing board.

8. Detainee grievances will be acknowledged within fifteen (15) days of receipt unless circumstances require additional time. If additional time is needed, a written response will be sent to the detainee through the kiosk system stating why additional time is needed and an expected completion date.

9. All findings and actions taken to correct an alleged violation will be submitted to the detainee in writing through the kiosk system.

10. Detainees will receive one (1) level of appeal for any grievance decision as follows:

    a. The detainee's appeal **MUST** be filed within forty-eight (48) hours of the decision on the original grievance being sent to the detainee.
    b. A valid reason for the appeal must be given by the detainee.
    c. The detainee must appeal the original grievance via the kiosk system.
    d. If the kiosk system is unavailable when the detainee wants to file an appeal, then the detainee must submit a handwritten appeal on one of the paper Detainee Grievance Forms, and label it as an appeal. The original grievance must be included. The appeal must be forwarded to the Commander of Corrections.

11. In the event a detainee is transferred from the KCAJC to another facility, the detainee must still file a grievance or appeal within the forty-eight (48) hour time frame. The detainee must send a written letter to the "Grievance Lieutenant" at the KCAJC and indicate that the letter is a grievance. The detainee must follow all procedures outlined above.

**Minor Rule Violations**

The following is a list of minor rule violations that will not be tolerated.

1. Interfering with staff duties.

2. Failure to properly stand during headcount.

3. Violating housing unit rules.

4. Insolence.

5. Making unnecessary or loud noise (including but not limited to: yelling, pounding, whistling, slamming doors, slamming down playing cards).

6. Attempt to manipulate.

7. Lying under blanket during the day without permission.

8. Failure to make bed, clean or maintain cell.

9. Failure to maintain personal hygiene.

Request Type: GRIEVANCE Request Subtype: GRIEVANCE

Assigned Group: GRIEVANCE Assigned User: SMCKANNA

Request Number: 586950 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/14/2023 11:36 am

ORIGINAL REQUEST:

This is an appeal from grievance number 586794 this grievance is appealed to exhaust my administrative remedies so that I can seek monetary, injunction, and declatory relief on my injuries and claims first I learned latter this grievance that a cell with a handicapped shower was right next door and the person in that cell was not handicapped or if handicapped he wasn't wheelchair dependent so my placement after I protested the first housing was no better and this was acknowledged in the grievance response by having me replaced to a different housing that is no better

03/14/2023 11:45 am JBREDLAU

RESPONSE:

Forwarded for appeal as requested.

03/14/2023 11:45 am JBREDLAU

USER ASSIGNED CHANGED

FROM <UNASSIGNED> TO [SMCKANNA] MCKANNA, S

03/15/2023 02:57 pm SMCKANNA

CLOSED:

Mr. Bradley, your inital housing was what we though would accomodate your needs. When it was determined that a different cell would be better, we moved you. your opinion on the needs or medical reccomnendations of other detaines is irrelevant. your current cell is a handicap cell and you have acces to a handicap shower. appeal denied. Lt. McKanna 721

Request Type: MEDICAL Request Subtype: SICK CALL

Assigned Group: MEDICAL STAFF Assigned User:

Request Number: 586956 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/14/2023 12:14 pm

ORIGINAL REQUEST:

I need to see a doctor some one who has experience with persons that use wheelchairs or spinal cord issues so when I ask for accommodations they not looking at me crazy asking me what am I talking about or requesting cause I'm not receiving any A**istance related to my disability so I guess I got to request a catheter everyday instead of common sense would give me a week work supplies but with no ada department this is expected so why is there no ada coordinator's or personnel that deal with the handicapped

03/15/2023 07:47 am ACUNNINGHAM

CLOSED:

You are currently on the list to be seen by our onsite Medical Director. Thank you.

Request Type: ELECTRONIC HOME MONITORING (EHM) Request Subtype: EHM REQUESTS

Assigned Group: EHM Assigned User:

Request Number: 586958 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

Request Type: ELECTRONIC HOME MONITORING (EHM) Request Subtype: EHM REQUESTS

Assigned Group: EHM Assigned User:

Request Number: 586958 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/14/2023 12:18 pm

ORIGINAL REQUEST:

This facility is not handicapped ready I'm asking for em to avoid civil liabilities for my complaints and injuries that have taken place and which are foreseeable cause I still am living in know dangerous conditions of confinment

03/14/2023 02:47 pm BMANN

CLOSED:

All Pre-Trial Cases need to be initiated in Court

(i) Request Type: MAIL Request Subtype: MAIL

Assigned Group: MAIL ROOM Assigned User:

Request Number: 586959 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/14/2023 12:20 pm

ORIGINAL REQUEST:

How do I send out legal mail as a indigenous person and does kane county have the electronic mailing system for the courts here

03/14/2023 01:19 pm DKOMES

CLOSED:

No, we do not have an electronic mailing system. Please write on the kiosk to Account information for an indigent kit.

Request Type: MAIL Request Subtype: MAIL

Assigned Group: MAIL ROOM Assigned User:

Request Number: 586961 Status: CLOSED Inmate Name: DEANDRE BRADLEY

Initial Location: F 16 B Current Location: A 18 B

Inmate Number: 460124 Inmate Secondary Number:

Stamp Action User

Detail

03/14/2023 12:21 pm

ORIGINAL REQUEST:

How do I send out legal mail as a indigenous person and does kane county have the electronic mailing system for the courts here

03/14/2023 01:19 pm DKOMES

CLOSED:

See other request.

INTAKE AND RELEASE
(630) 232-6840
KANE COUNTY SHERIFF OFFICE
37W755 IL-38 SUITE A
ST. CHARLES IL 60175

2 LBS

1 OF 1

SHIP TO:
DIST COURT NORTHERN DIST
(312) 435-5670
CLERK OF THE UNITED STATES
EASTERN DIVISION
219 S DEARBORN STREET
CHICAGO IL 60604

IL 606 9-04

UPS GROUND

TRACKING #: 1Z 559 F4A 03 6485 3665

BILLING: P/P

REF 1:460124
REF 2:DEANDRE BRADLEY

WS 25.0.7 LP2844 30.0A 07/2023

07/31/2023-2

CLERK OF THE UNITED STATES
219 S DEARBORN ST

CHICAGO IL 60604

P:RED S:TBLU I:318

311-RDR

1Z559F4A036485 3665
SAT08485 Jul 29 07:15:30 2023

DEANDRE BRADLEY 460124
37 W 755 RT 38 SUIT B
St. Charles IL 60175

CLERK OF THE UNITED STATES
DIST. COURT NORTHERN DIST.
EASTERN DIVISION
219 S Dearborn Street
Chicago IL 60604

LEGAL MAIL