**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEANDRE BRADLEY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23cv5020 |
| | ) | |
| v. | ) | District Judge Sara L. Ellis |
| | ) | |
| RONALD HAIN et al., | ) | |
| | ) | |
| Defendants. | ) | |

**KANE COUNTY DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COME defendants Ronald Hain ("Sheriff"), Kane County ("County"), and Corrections Officers Anthony Keaty ("C/O Keaty"), Scott McKanna ("C/O McKanna"), Mergim Azemi ("C/O Azemi"), Joel Directo ("C/O Directo"), Luis Aguirre ("C/O Aguirre"), Scott Flowers ("C/O Flowers") and Perparim Osmani ("C/O Osmani") (collectively referred to herein as "Kane County Defendants") and submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's First Amended Complaint.

**INTRODUCTION**

Plaintiff Deandre Bradley filed a First Amended Complaint ("FAC")(Doc. No. 20) containing nine claims of relief against the Kane County Defendants and medical contractor Wellpath, LLC ("Wellpath") and two of its employees. Plaintiff's claims arise out of allegations of a failure to provide proper accommodation and health care while the Plaintiff was housed as a pretrial detainee at the Kane County Adult Justice Center ("KCAJC"), alleging deliberate indifference to the Plaintiff's serious medical needs in violations of the Fourteenth Amendment, violations of the Americans with Disabilities Act ("ADA"), violations of Section 504 of the

Rehabilitation Act ("Rehabilitation Act"), and violations of the Fair Housing Amendments Act ("Fair Housing Act"). (Doc. No. 20).

However, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's FAC against the Kane County Defendants should be dismissed as the allegations fail to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

The FAC alleges that in March of 2023, through the present, the Plaintiff has been housed as a pretrial detainee in the KCAJC. (Doc. No. 20, ⅏ 1-2). Plaintiff alleges he suffers from paralysis in his right leg, uses a wheelchair and has limited control over his bladder and bowel. (Doc. No. 20, ⅏ 1). The FAC alleges that during his time at the KCAJC he has been housed without the necessary and proper accommodations and services, including medical care, for his disability. (Doc. No. 20, ⅏ 2-4). The Sheriff and the Corrections Officers named in the FAC are sued in their individual and official capacity. (Doc. No. 20, ⅏ 11 and FAC case caption).

The FAC purports to assert civil rights violations pursuant to 42 U.S.C. § 1983 in violation of the Fourteenth Amendment; Title II of the Americans with Disabilities Act, the Rehabilitation Act and the Fair Housing Act. (Doc. No. 20, ⅏ 5-6). Specifically, the Plaintiff claims he has been housed in an inaccessible cell, refused proper sleeping and wheelchair accommodations, and denied timely medical care and treatment. (Doc. No. 20, ⅏ 2). Plaintiff alleges that as a result, he has fallen multiple times when using the toilet and shower. (Doc. No. 20, ⅏ 2, 32). In addition, the Plaintiff claims his cell assignment cut him off from other areas of the KCAJC that offered crucial services for his disability. (Doc. No. 20, ⅏2-3). As a result of the alleged conditions, the Plaintiff claims he was subjected to pain and suffering. (Doc. No. 20, ⅏ 2, 33-35).

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's claims against the Kane County Defendants should be dismissed. In particular, all claims against the Sheriff and Correctional Officers in their individual capacity should be dismissed because the Plaintiff fails to allege the requisite personal involvement of Sheriff and Correctional Officers. In addition, the Sheriff and Correctional Officers are entitled to qualified immunity against civil damages. Also, the Plaintiff fails to sufficiently allege a *Monell* claim against the Sheriff and Correctional officers in their official capacity. Furthermore, the FAC fails to state a claim against the Kane County Defendants relating to Fair Housing Act because the Plaintiff lacks the standing and the KCAJC is not considered a dwelling under the Act. Lastly, all requests for punitive damages against Kane County, the Sheriff, and Correctional Officers in their official capacities must be stricken.

## RULE 12(b)(6) STANDARD FOR DISMISSAL

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6)(West 2023). For purposes of a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in Plaintiff's favor. *Kubiak v. City of Chicago,* 810 F.3d 476, 480-481 (7th Cir. 2017); *Anchor Bank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts which, when taken as true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

**A.      Plaintiff Fails to Sufficiently Allege A *Monell* Claim Against The Sheriff And Correctional Officers in Their Official Capacity.**

Without saying so, the claims in the FAC seemingly attempt to state a *Monell* municipal liability claim against the Sheriff and the Correctional Officers in their "official capacity". A claim against the Sheriff and the Correctional Officers in their official capacity is essentially a claim against the Sheriff's Office. (*See Franklin v. Zaruba,* 150 F.3d 682, 686 (7th Cir. 1998), *holding* suits against a sheriff in his official capacity are in reality suits against the county sheriff's department and not the county board.) This distinction is important because a municipality cannot be held liable solely on a *respondeat superior* basis in a §1983 action. *Monell v. Dep't of Soc. Services. Of City of New York,* 536 U.S. 658, 694 (1978). To properly plead a *Monell* claim against the Sheriff and Correctional Officers in their official capacity, the Plaintiff must show that he experienced a constitutional violation by one of the three *Monell* theories: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with "final policymaking authority." *Milestone v. City of Monroe, Wis.,* 665 F.3d 774, 780 (7th Cir. 2011).

No matter the theory under which *Monell* is alleged, a plaintiff must plead "factual content that allows the court to draw the reasonable inference" that the municipality maintained a policy or custom that caused the alleged constitutional deprivation. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). Mere "legal conclusion or elements of the cause of action" must be disregarded. *McCauley,* 671 F.3d at 617. To prevail on a *Monell* claim, a plaintiff must be able to show that the municipality's policy was the "moving force" behind the alleged injury; that is, a plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 404 (1997); *see*

*also City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Additionally, the complaint must contain allegations which plausibly suggest, not merely are consistent with, an entitlement to relief. *McCauley,* 671 F.3d 611 citing *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 557 (2007).

In this case, the Plaintiff alleges that he was denied accommodations for his disability, deprived of needed health care and confined to inhumane conditions for extended periods of time. (Doc. No. 20, ℙ 24). In support of these allegations, the FAC alleges the Plaintiff was denied an adequate or accessible jail cell, bed and mattress, wheel chair, toilet, shower, medical care, physical therapy or workout facilities for persons with mobility disabilities. (Doc. No. 20, ℙℙ 27, 29-36). As a result of the alleged denial of accommodations for his disability, the Plaintiff claims he endured pain and suffering. (Doc. No. 20, ℙℙ 33, 34).

Despite the Plaintiff's allegations, the FAC fails to provide sufficient notice and state a *Monell* claim to which the Kane County Defendants can ascertain what they are being called to defend. The FAC does not plead enough information to establish a ***direct causal link*** between the Kane County Defendants' policy, or lack of policy, and a violation of the Plaintiff's rights. The Plaintiff does not provide any specifics about the Sheriff's rules, regulations, policies, procedures, training practices or any implication as to what *Monell* policy is plausibly connected to a constitutional deprivation. Specifically, the Plaintiff makes multiple conclusory, and sometimes contradictory, general allegations that the Defendants (1) had "no rules or policies on where persons with disabilities are housed;" (2) had a policy, custom or practice and acted intentionally or with deliberate indifference to violate the Plaintiff's constitutional rights; (3) failed to establish effective written policies to guide its employees to assist with disabilities; and (4) failed to properly train employees at the KCAJC to assist with disabilities which caused Plaintiff injury. (Doc. No. 20, ℙℙ 34, 37, 39, 40 and 47). The above general allegations that the Sheriff "had no rules or

policies on where persons with disabilities are housed" and at the same time "had a policy, custom or practice" make it unclear which *Monell* policy was the moving force behind each alleged deprivation. For example, it is unclear if the alleged failure to provide an accessible jail cell is due to the Sheriff having **no policy** for disabled persons housed at the KCAJC or is it because the Sheriff **had a policy** (with no specifics) in which they act with deliberate indifference toward the Plaintiff. The direct link or moving force behind any alleged policy is unclear because the FAC does not identify what *Monell* theory attaches to which specific injury or violation.

Moreover, the ambiguous nature of the FAC's application of various *Monell* theories is even more convoluted by the Plaintiff's failure to identify which particular defendant is responsible for which policies, customs or practices. Because the FAC limits its pleading to conclusory *Monell* statements and is silent on which Defendants' policy applies, it fails to sufficiently plead which policy is the moving force behind each alleged constitutional violation. In order for the Kane County Defendants to defend the allegations in the FAC, the Kane County Defendants must have proper notice under which policy, lack of policy or lack of training that plausibly caused the violation of Plaintiff's rights. Therefore, the Kane County Defendants respectfully request that this Court dismiss Plaintiff's official capacity and *Monell* claims.

**B.      Plaintiff's Complaint Fails to Allege Adequate Personal Involvement of Kane County Sheriff or any Kane County Sheriff Employee to Bring Suit in Their Individual Capacity.**

The FAC attempts to impose liability on the Sheriff and Correctional Officers individually for alleged constitutional deprivations. Those individual capacity claims seek to impose individual liability upon a government officer for actions taken under color of state law. *Luck v. Rovenstine,* 168 F. 3d 323 (1999). To recover damages under §1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth,* 65

F. 3d 555, 561 (7th Cir. 1995). A defendant is personally responsible "if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry,* 65 F. 3d at 561 *citing Smith v. Rowe,* 761 F. 2d 360, 369 (7th Cir. 1985)(quoting *Crowder v. Lash,* 687 F. 2d 996, 1005 (7th Cir. 1982). The defendant must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…" *Gentry,* 65 F. 3d at 561 *citing Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir. 1988).

Aside from the brief mention of C/O Keaty having been informed by the Plaintiff that he had a disability and assigning him a cell within the KCAJC, the FAC is silent regarding the involvement or knowledge of the Sheriff, C/O McKanna, C/O Azemi, C/O Directo, C/O Aguirre, C/O Flowers, and C/O Osmani individually or any other involvement of C/O Keaty in the alleged constitutional violations. Besides C/O Keaty initial involvement, the FAC does not expressly allege that any other Defendants were aware of the Plaintiff's disability. More importantly, there are no allegations that indicate the Sheriff, C/O McKanna, C/O Azemi, C/O Directo, C/O Aguirre, C/O Flowers, and C/O Osmani took any action, directed or participated in any placement of the Plaintiff in an inaccessible jail cell, or the denial of proper wheel chair or any other proper accommodations. Moreover, the Plaintiff alleges generically and collectively that "[d]efendants have discriminated against Mr. Bradley in violation of the ADA" or "[d]efendants have discriminated against Mr. Bradley in violation of his rights under the Fair Housing Amendments Act." (Doc. No. 20, ⁋⁋52,65). The FAC allegations do not rise to the level of personal involvement required for individual lability in § 1983 claims. Without personal involvement, Plaintiff's individual capacity claims against Sheriff, C/O McKanna, C/O Azemi, C/O Directo, C/O Aguirre, C/O Flowers, and C/O Osmani must be dismissed. As to C/O Keaty, Plaintiff has failed to state a claim against him that indicates C/O Keaty is personally responsible or that any alleged violation

was done at C/O Keaty's direction which would entitle the Plaintiff to relief and therefore the same should be dismissed.

**C.      The Sheriff and Correctional Officers are Entitled to Qualified Immunity.**

"Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly,* 137 S. Ct. 548, 551 (2017), quoting *Mullenix v. Luna,* 577 136 S. Ct. 305, 307 (2015). The determination of qualified immunity is a legal question for the trial court. *See Rakovich v. Wade,* 850 F.2s 1180, 1201-1202 (7th Cir. 1988). Qualified immunity is an "immunity from suit rather than a mere defense to liability," *See Mitchell v. Forsyth,* 472 U.S. 511, 526-27 (1985). "A state official is protected by qualified immunity unless the plaintiff shows: '(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Kemp v. Liebel,* 877 F.3d 346, 350 (7th Cir. 2017), quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011).

As discussed above, the Plaintiff does not allege any personal involvement or action by the Sheriff and Correctional Officers individually. Without any alleged action by the Sheriff and Correctional Officers, the FAC fails to state a claim in which an official violated a statutory or constitutional right. Because no plausible allegations exist in the FAC that directly link the Sheriff or any individual Correction Officer to a violation of the Plaintiff's rights, they are immune from liability for civil damages and the FAC must be dismissed.

**D.      The Plaintiff Failed to Properly Plead Claims Against Kane County.**

The Plaintiff fails to state a proper *Monell* claim against the County because the County lacks the authority to train, supervise, or discipline officers of the Kane County Sheriff's Office as a matter of law. In Illinois, a county sheriff is an "independently elected county office and is not

an employee of the county in which the sheriff serves." *Askew v. Sheriff of Cook Cty., Ill.,* 568 F.3d 632, 636 (7th Cir. 2009). Although sheriffs may be agents of their county, they are not subject to their county's control. *See Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir. 1989). "[T]he lack of identity between the county sheriff's department and the general county government indicates that § 1983 suits against the sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board." *Franklin v. Zaruba,* 150 F.3d 682, 686 (7th Cir. 1998).

In this case, it appears the Plaintiff seeks to hold the County directly liable for the Sheriff and Correctional Officers actions under *Monell.* In support of this claim, the FAC states that the County "is, and always relevant to this lawsuit was, a government entity responsible for the KCAJC." (Doc. No. 20, ₱ 12). Despite this assertion, the County does not operate nor is it responsible for the KCAJC. By law, the Sheriff operates the jail as the custodian of the KCAJC. *See* 55 ILCS 5/3-6017. The Sheriff is an independent elected official separate from the County. The County has no authority to train employees or to set policies under which the Sheriff's employees operate. Moreover, the FAC lacks specific allegations of any practice or action by the County in regards to the alleged violations of the Plaintiff's constitutional rights. In addition, the FAC fails to include any action or involvement by Kane County regarding any policies or training. Therefore, given the Plaintiff's failure to plead sufficient allegations against the County concerning the deprivation of any constitutional claims under *Monell,* the substantive claims against the County must be dismissed.

The County recognizes it must remain as a necessary party, nominally, as the indemnifier for the Kane County Sheriff, as in Illinois, the county is required to pay for any judgment entered against the county sheriff in an official capacity. *Carver v. Sheriff of LaSalle Cty.,* 324 F.3d 947,

948 (7th Cir. 2003). Therefore, the Plaintiff cannot bring suit against the County for the Sheriff's

policies and procedures under a § 1983 claim, but may remain in the case as indemnifier for the

Sheriff.

**E.      The Plaintiff Cannot Bring a Claim of Discrimination under Title II of The Americans With Disabilities Act and the Rehabilitation Act Against the Sheriff and Correctional Officers in Their Individual Capacities.**

The Plaintiff cannot maintain his suit against the Sheriff and the Correctional Officers in

their individual capacities for violations of the Americans with Disabilities Act, and the

Rehabilitation Act. To begin, Title II of the ADA provides "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be subjected to discrimination by any

such entity." 42 U.S.C. § 12132. Furthermore, a "public entity" is defined as "(A) any State or

local government; (B) any department, agency, special purpose district, or other instrumentality of

State or States or local government; and (C) the National Railroad Passenger Corporation, and any

commuter authority." 42 U.S.C. § 12132. Because Title II claims can only be brought against

public entities, a plaintiff cannot bring a claim against any person in their individual capacity.

*Stanek v. St. Charles Cmty. Unit Sch. Dist. Non 303,* 783 F.3d 624, 644 (7th Cir. 2015); *see also*

*Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 670 (7th Cir. 2012).

The Rehabilitation Act is similar to the ADA but it requires that the public entity receives

federal funding. *Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015). Similar to the ADA, the

plaintiff is precluded from bring suit under the Rehabilitation Act against a person in their

individual capacity. *Stanek,* 783 F.3d at 644.

In this case, the FAC alleges under his ADA claims for relief that, "*[d]efendants* have

discriminated against Mr. Bradley in violation of the ADA and have failed to provide him with

10

accessible accommodations and services in violation of the ADA." (Doc. No. 20, ⁋ 52) (emphasis added). Similarly to his ADA claim, the FAC alleges under the Rehabilitation Act claims for relief that, "*[d]efendants* excluded Mr. Bradley from participation in, denied Mr. Bradley the benefits of, and subjected Bradley to discrimination under various programs and activities receiving federal financial assistance by… refusing to house Mr. Bradley in an accessible cell and to provide him access to various medical services and facilities…" (Doc. No. 20, ⁋ 59)(emphasis added). The Plaintiff refers to defendants collectively and makes no attempt to identify which defendant participated in which conduct leading to a violation under the law. Moreover, the Plaintiff fails to identify in what capacity he brings his ADA and Rehabilitation Act claims against the defendant. Regardless, the Sheriff and Correctional Officers cannot be held liable in their individual capacity for Plaintiff's claims under the ADA and Rehabilitation Act. Therefore, they must be dismissed with prejudice.

**F.     The Plaintiff Cannot Bring Suit against the Kane County Defendants Pursuant to The Fair Housing Amendments Act.**

In his FAC, the Plaintiff alleges that the Fair Housing Act protects persons with handicaps from discrimination and accords them reasonable accommodations in rules, policies, practices, or services that are necessary to afford them equal opportunity to use and enjoy a dwelling pursuant to section 3604(f)(1) of the Fair Housing Act. (Doc. No. 20, ⁋ 62). Pursuant to section 3604(f)(1) of the Fair Housing Act, it shall be unlawful, "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling *to any buyer or renter* because of a handicap…" 42 USC § 3604(f)(1) (emphasis added). A '"dwelling" means any building, structure, or portion thereof which is occupied as, or *designed or intended for occupancy as, a residence* by one or more families…" 42 USC § 3602 (b) (emphasis added).

11

In this case, the Plaintiff is being held as a detainee at the KCAJC pending his pretrial criminal matters. The Plaintiff is not, nor can he allege, that he is a renter or buyer of his jail cell at the KCAJC. Section 3604(f) of the Fair Housing Act is narrower in scope regarding discrimination on the basis of handicap. Specifically, section 3604(f) makes it unlawful to discriminate "or to otherwise make unavailable or deny, a dwelling *any buyer or renter because of a handicap*…" Juxtapose with section 3604(a) of the Fair Housing Act which makes it unlawful to "otherwise make unavailable or deny, a dwelling *to any person* because of race, color, religion, sex, familial status, or national origin." 42 USC § 3604(a) (emphasis added). By the plain language of the Fair Housing Act, the Plaintiff fails to show that he rented or owned the jail cell within the KCAJC and therefore cannot maintain a lawsuit under the Fair Housing Act for any alleged discrimination.

In addition to the Plaintiff not falling within the plain meaning of a buyer or renter with a handicap, the KCAJC is not considered a "dwelling" under the Fair Housing Act. Similar to this case, the United States District Court in New Mexico found a jail was not considered a "dwelling" within the meaning of Fair Housing Act. The District Court reasoned, "[a] jail is not, as the FHA requires, "designed or intended for occupancy as a residence." Rather, the primary purpose of a jail is to provide just punishment, adequate deterrence, protection from the public, and correctional treatment. *Garcia v. Condarco,* 114 F. Supp 1158, 1161 (D. N. M. 2000). Therefore, the District Court found that the primary purpose of the Fair Housing Act has no application in the prison context. *Garcia v. Condarco,* 114 F. Supp 1158, 1162 (D. N. M. 2000).  Similarly, the KCAJC is a county jail and not designed or intended to be a residence for detainees. The claims against the Kane County Defendants pursuant to the Fair Housing Act should be dismissed.

**G.**     **Plaintiff's Request for Punitive Damages Against the County, Sheriff and Correctional Officers in Their Official Capacities Must be Stricken.**

In the FAC's prayer for relief, the Plaintiff requests "an award of punitive damages against each Defendant to punish each Defendant's individual and collective wrongful conduct and to deter future wrongful conduct." (Doc. No. 20, prayer for relief, ℙ 2). Such damages are not recoverable against governmental units for § 1983 claims. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).

In this case, the FAC brings suit against defendants generally and collectively as it does not delineate if the claims for punitive damages are against each defendant in their individual or official capacity. As discussed above, a suit against the Sheriff and his Correctional Officers in their official capacity is a suit against the Kane County Sheriff's Office as a governmental entity. Therefore, in the FAC's current form, the Plaintiff seeks punitive damages against the County and Sheriff's Office as governmental units. As a result, all claims seeking punitive damages against the County, Sheriff and Correctional Officers in their official capacity must be dismissed.

**H.**     **Plaintiff's Request for Injunctive Relief Must be Stricken.**

The Plaintiff has not alleged sufficient detail to give the Kane County Defendants notice of what claim his request for injunctive relief rests on. "When awarding injunctive relief, the moving party must demonstrate: (1) no adequate remedy at law exists, (2) it will suffer irreparable harm absent injunctive relief, (3) irreparable harm suffered in the absence injunctive relief outweighs the irreparable harm respondent will suffer if the injunction is granted, (4) the moving party has a reasonable likelihood of success on the merits, and (5) the injunction will not harm the public interest." *Chapman v. U.S. Marshal for Northern Dist. of Illinois,* 584 F.Supp.2d 1083, 1092 (N.D. Illinois 2008).

In this case, the FAC does not have any allegations that address the required elements for injunctive relief. The Plaintiff must establish that the conduct he complains of was part of an official policy and there is a substantial likelihood that future violations will occur. The Plaintiff has failed to do so. Moreover, the Plaintiff has not demonstrated a likelihood of success on the merits for any of his claims. More importantly, the Plaintiff has not identified what specific injunctive relief he is looking for. Accordingly, any claim for injunctive relief must be stricken.

## V. CONCLUSION

For all of the foregoing reasons the Kane County Defendants move this Honorable Court to dismiss the claims against them and for any further relief that this Court deems fair and just.

> Respectfully submitted,
> Defendant Kane County Sheriff's Office
>
> By:/s/ Vincent Coyle_____
>       One of Their Attorneys

Jamie L. Mosser
Kane County State's Attorney
Erin M. Brady
Elizabeth Tabor
Vincent Coyle
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134
Atty. No.: 6303106