## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEANDRE BRADLEY,<br><br>                Plaintiff,<br><br>v.<br><br>RONALD HAIN, Individually and in his Official Capacity as the Sheriff of Kane County; KANE COUNTY, ILLINOIS; ROCHELLE STOCKMAN, Individually and in her Official Capacity; A. KEATY, Individually and in his Official Capacity; S. MCKANNA, Individually and in his Official Capacity; M. AZEMI, Individually and in his Official Capacity; J. DIRECTO, Individually and in his Official Capacity; L. AGUIRRE, Individually and in his Official Capacity; S. FLOWERS, Individually and in his Official Capacity; P. OSMANI, Individually and in his Official Capacity; DR. KUL SOOD, Individually and in his Official Capacity; WELLPATH LLC, A Tennessee Corporation.<br><br>                Defendants. | Case No.:  1:23-cv-05020<br><br>Hon. Sara L. Ellis, District Judge<br><br>Jury Trial Demanded |

## WELLPATH LLC'S RULE 12(b)(6) MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant, WALLPATH LLC, by and through its attorneys of HALL & EVANS, LLC, and for its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6), states as follows:

### I.      Introduction

This matter arises from Plaintiff's claims that he was provided with constitutionally inadequate and otherwise unlawful accommodations and health care while in custody as a pretrial

detainee[1] at the Kane County Adult Justice Center ("Jail"), starting in March 2023. (Doc. #20, p. 2). The Plaintiff brings nine claims in his First Amended Complaint and for the reasons set forth herein each and every claim against Wellpath LLC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    Rule 12(b)(6) Standard

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the nonmoving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (*quoting Bell Atlantic Corp*., 550 U.S. 544, 570). In order to satisfy the plausibility standard, a plaintiff must plead specific facts that support the legal claims asserted in the complaint. *Id*. In other words, the plaintiff must plead facts sufficient to "raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), (*quoting Bell Atlantic Corp*., 550 U.S. 544, 556).

While a plaintiff is not typically required to plead detailed factual allegations, the law demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, at 678. In order for a complaint to survive a motion to dismiss, it must contain sufficient factual

---

[1] https://www.wspynews.com/news/local/chicago-man-under-arrest-after-armed-robbery-and-attempted-vehicle-hijacking/article_cf58993e-c00a-11ed-bf4d-e75187a6a30b.html

allegations "which states a claim for relief that is plausible on its face." *Id*.

### III. Argument in Support of Dismissal

**A.** ***Claims against Wellpath in First Amended Complaint***

In his First Amended Complaint, the Plaintiff alleges that he suffers from paralysis in his right leg, uses a wheelchair and has limited control over his bladder and bowel. (Doc. #20, para. 1). In connection with his claims in this case, he alleges that he has been housed without the necessary and proper accommodations and services, including medical care, for his disability. (Doc. #20, paras. 2 - 4). Among other things, the Plaintiff claims he is disabled and has been housed at the Jail in an inaccessible cell, refused proper sleeping and wheelchair accommodations, and denied appropriate medical care and treatment.

The Plaintiff's Amended Complaint contains nine Claims brought against all Defendants, including Wellpath:

- First Claim – Violations of Title II of the Americans with Disabilities Act (Doc. #20, p. 10);
- Second Claim – Violations of Section 504 of the Rehabilitation Act (Doc. #20, p. 11);
- Third Claim – The Fair Housing Amendments Act (Doc. #20, p. 12);
- Fourth Claim – Section 1983 Denial of Medical Care in Violation of Fourteenth Amendment (Doc. #20, p. 13);
- Fifth Claim – Section 1983 Unconstitutional Conditions of Confinement in Violation of Fourteenth Amendment (Doc. #20, p. 15);
- Sixth Claim – Section 1983 Deprivation of Equal Protection in Violation of Fourteenth Amendment (Doc. #20, p. 16);
- Seventh Claim – ADA, Retaliation (Doc. #20, p. 18);
- Eighth Claim – Fair Housing Amendments Act, Retaliation (Doc. #20, pp. 18 - 19); and,
- Nineth Claim – 775 ILCS 60 Violation of the Civil Rights Remedies Act (Doc. #20, pp. 18 - 19);

3

At the outset, it seems the Plaintiff gave little consideration to which of his claims should be appropriately directed to particular Defendants. For instance, the Plaintiff alleges only that Wellpath had a contract with the Kane County Sheriff's Department to provide medical care to inmates at the Jail (Doc. #20, p. 5, para. 21), and, yet, improperly attempts to sue Wellpath for purported violations of the ADA, Rehabilitation Act, Fair Housing Amendments Act, Civil Rights Remedies Act, and for unconstitutional conditions of confinement in Violation of Fourteenth Amendment. The Plaintiff has, simply put, pled himself out of court as to these claims since it is apparent that no cause of action could exist against Wellpath under these theories of recovery. Elsewhere, even where the type of claim is arguably appropriately directed at Wellpath - Fourth Claim, Section 1983 Denial of Medical Care - the pleading nevertheless fails to set forth the minimum necessary allegations against Wellpath to support such a claim and it too should be dismissed.

**B.**     *Dismissal of First and Seventh Claims - ADA*

By Plaintiff's own admission, the Jail is operated by Kane County, a public entity. (Doc. #20, p. 10, para. 50). Moreover, as Plaintiff alleges, the ADA pertains to programs offered by state and local governments. (Doc. #20, p. 10, para. 49). To assert a claim under the ADA, Plaintiff must establish: "(1) that he . . . has a qualifying disability; (2) that he . . . is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his . . . disability." *Frame v. City of Arlington*, 575 F.3d 432, 435 (5th Cir. 2009); *see also Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996); and 42 U.S.C. § 12132.

Additionally, 42 U.S.C. § 12101, et. seq. is not a proper vehicle for Plaintiff to challenge the sufficiency of medical treatment. *See Grzan v. Charter Hosp.*, 104 F.3d 116, 121–22 (7th Cir.

1997) (discussing medical treatment in the context of the "materially identical," Rehabilitation Act); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not violated by a prison failing to attend to the medical needs of disabled inmates); *William v. Baker*, 2014 U.S. Dist. LEXIS 48114, *5, 2014 WL 1379572 (C.D. Ill. Apr. 8, 2014), *citing Resel v. Fox*, 26 Fed. App'x. 572 * 4 (7th Cir. 2001) (holding that denial of access to competent health care or medical treatment is not the same as denying access to a program or activity); *Perrey v. Donahue*, 2007 U.S. Dist. LEXIS 88930, *4, 2007 WL 4277621 (N.D. Ind. Dec. 3, 2007).

A medical provider for a privately owned medical services corporation, is not a "public entity" within the meaning of 42 U.S.C. § 12101, et. seq. Title II of the ADA prohibits discrimination by public entities, such as State or Local governments. 42 U.S.C. § 12131. Title II defines a "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined 49 USCS § 24102(4)). 42 U.S.C. § 12131(1).

Neither the text of the ADA nor the case law interpreting it support the proposition that a private vendor like Wellpath or its employees falls within Title II by contracting with a governmental entity. *See Wilkerson v. Hammond*, 2013 WL 5950820 (S.D. Ill. Nov. 7, 2013); *Maxwell v. South Bend Work Release Center*, 787 F. Supp. 2d 819, 821 (N.D. Ind. 2011); *Edison v. Douberly*, 604 F.3d 1307, 1308–10 (11th Cir. 2010); Green v. New York, 465 F.3d 65, 78–79 (2nd Cir. 2006) (private hospital performing services pursuant to a contract with a municipality is not an instrumentality of a local government); *Phillips v. Tiona*, 508 Fed. App'x. 737 (10th Cir. 2013) (Title II does not apply to private corporation that operates a prison); *Cox v. Jackson*, 579 F. Supp. 2d 831, 852–53 (E.D. Mich. 2008) (holding that a private company providing medical

5

services to a prison is not a public entity, stating, "[a] private contractor does not become a 'public entity' under Title II merely by contracting with a governmental entity to provide governmental services").

Even assuming, *arguendo*, that Wellpath is a proper entity under the ADA, Plaintiff fails to allege any plausible facts in her First Amended Complaint that would establish Wellpath somehow discriminated against him.

By the same token, the Plaintiff's retaliation attempt under the ADA in his Seventh Claim should likewise be dismissed. Therefore, Plaintiff has failed to state a cause of action against Wellpath for violating his rights under the Americans with Disabilities Act and the First and Seventh Claims in Plaintiff's First Amended Complaint against Wellpath should be dismissed with prejudice.

## C.   *Dismissal of Second Claim – Rehabilitation Act*

Similarly, the Rehabilitation Act also does not apply to any claim against Wellpath. As Plaintiff states in his Amended Complaint, this Act applies to programs, such as the Jail, which Plaintiff claims receive federal assistance. (Doc. #20, p. 11 - 12, paras. 55 – 57). There are no allegations that Wellpath is such a program.

To survive a motion to dismiss a claim under the Rehabilitation Act of 1973 (Act), 29 U.S.C.S. § 794 et seq., "a claimant's prima facie case must set out four elements: (1) that she is a "handicapped individual" under the Act, (2) that she is "otherwise qualified" for the benefit sought, (3) that she was discriminated against solely by reason of her handicap, and (4) that the program or activity in question receives federal financial assistance." *Grzan v. Charter Hosp*., 104 F.3d 116, 118 (7th Cir. 1997). Because the Plaintiff's pleading clearly does not set forth these elements, nor any supporting factual allegations, against Wellpath, this Court should dismiss with prejudice

the Second Claim.

**D.** *Dismissal of Third & Eighth Claims – Fair Housing Amendments Act*

In his Third Claim, the Plaintiff claims Wellpath is liable under the Fair Housing Act, but he alleges no facts to support such a claim and, again, pleads himself out of Court by conceding that the County/Sheriff co-Defendants operate the Jail (the "housing" here)(Doc. #20, p. 4, para. 12), and alleging (accurately) that Wellpath's only involvement at the Jail is as the contracted medical provider. (Doc. #20, p. 13, para. 64).

The Plaintiff sets forth the policy of the Fair Housing Amendments Act in his Amended Complaint, but Wellpath did not provide him with housing. (Doc. #20, p. 12, para. 62). Further, nothing in the Definitions within the Act (42 USCS § 3602), nor any of the statutory sections (42 USCS § 3602, *et seq.*) can in any way be construed to support a claim against Wellpath. Moreover, the Plaintiff alleges no facts, whatsoever, to connect any claim under the Act to Wellpath and, as such, wholly fails to state a claim against Wellpath.

By the same token, the Plaintiff's retaliation attempt under the Fair Housing Amendments Act in his Eighth Claim should likewise be dismissed. Therefore, because the Plaintiff has failed to state a cause of action against Wellpath under the Fair Housing Amendments Act, the Third and Eighth Claims against Wellpath should be dismissed with prejudice.

**E.** *Dismissal of Fourth Claim – 42 USCS § 1983 – Denial of Medical Care*

In his Fourth Claim the Plaintiff attempts to set forth a claim against Wellpath, but he has failed to adequately state a claim against this Defendant, as he must, under *Monell*. At the outset, it should be noted that nowhere in his Fourth Claim does the Plaintiff specifically state that he is bringing the claim under *Monell*, the only vehicle through which he can sue Wellpath for constitutionally improper medical care. That deficiency aside, the remainder of the Fourth Claim

is inadequate and fails to state a claim.

To state a *Monell* claim, Plaintiff must allege (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). To proceed on a *Monell* claim, a plaintiff must first show a constitutional violation by a Wellpath employee, which he has also failed to plead. *Sallenger v. City of Springfield*, 630 F. 3d. 499, 504-505 (7th Cir. 2010) (holding that where there is no constitutional violation by a municipal employee, there is no *Monell* liability).

The Plaintiff is required to set forth "factual content that allows the court to draw the reasonable inference" that Wellpath maintained a policy or custom that caused the alleged constitutional deprivation. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). This Plaintiff has not done so. Rather, his pleading contains only unsupported legal conclusions, which are insufficient to state a *Monell* cause of action. *McCauley*, 671 F.3d at 617.

Fatal to the Plaintiff's pleading is his failure to set forth sufficient allegations to adequately identify the constitutionally improper policies or widespread practices by Wellpath *and* a causal connection to the claimed violation of his rights. The Plaintiff claims that the "Defendants Kane County, Hain, and Wellpath failed to establish adequate policies and procedures to ensure that people with limited mobility, such as Mr. Bradley, received treatment for their serious medical conditions." (Doc. #20, p. 14, para. 74). He then claims that the Defendants "failed to enact policies that provide specific guidance to persons with disabilities rega1ding how to receive necessary medical and other assistance, that ensure that the correct medication is ordered and

8

prescribed in a timely manner, that train officers and personnel on accessibility requirements for persons with disabilities, and other similar policies and procedures." (Doc. #20, p. 14, para. 75). Yet, he has identified no policy that caused him harm, but rather a general, unsupported, contention that certain policies lacking at the Jail violated his rights. This is not sufficient to state a claim.

Furthermore, and as the County rightly points out in its own Motion to Dismiss, the Plaintiff, in addition to setting forth ambiguous pleading, also fails to identify which particular Defendant was responsible for implementing or maintaining which specific policies, customs or practices the Plaintiff claims were constitutionally deficient.

In addition, the Plaintiff has improperly attempted to claim that Wellpath is vicariously liable for the constitutional conduct of its employees alleged in his Fourth Claim (Doc. #20, p. 14, para. 76), when it is well-established that no such liability exists in relation to a Section 1983 *Monell* claim. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020).

Based on the foregoing, this Court should dismiss Plaintiff's Fourth Claim with prejudice.

**F.      *Dismissal of Fifth Claim – 42 USCS § 1983 – Unconstitutional Conditions of Confinement***

Although the Plaintiff brings this Clam under Section 1983, it obviously fails to state a claim against Wellpath under *Monell* on its face, and does not otherwise set forth any facts to support a cause of action against Wellpath, as a medical provider, in relation to Plaintiff's Conditions of Confinement at the Jail. This claim fails under *Monell* because the Plaintiff does not make any allegations of an unconstitutional policy of widespread practice by Wellpath, which allegedly violated his Fourteenth Amendment rights. Additionally, as has already been stated herein, the Jail was operated by the County/Sheriff and, based on those allegations in Plaintiff's pleading, there is no basis to support a conditions of confinement claim against Wellpath. As such Plaintiff's Fifth Claim should be dismissed with prejudice.

**G.**    *Dismissal of Sixth Claim – 42 USCS § 1983 – Deprivation of Equal Protection*

Here again the Plaintiff has pled himself out of any claim against Wellpath. A reading of the Plaintiff's Sixth Claim makes clear that this cause of action is brought only with respect to the facilities at the Jail operated by the Jail/Sheriff (Doc. #20, pp. 16 – 17, paras. 89 – 91), and there are no allegations, whatsoever, that Wellpath was involved with the facilities or the purported discrimination against the Plaintiff in this regard. As such, because the Plaintiff has failed to state a cause of action against Wellpath in his Sixth Claim, that claim should also be dismissed with prejudice.

**H.**    *Dismissal of Ninth Claim – Civil Rights Remedies Restoration Act*

For the same reasons as set forth above, the Plaintiff's attempt to set forth a claim against Wellpath under the Civil Rights Remedies Restoration Act should also be dismissed. The Plaintiff concedes in his pleading that the necessary elements of a claim under the Act pertain only to the Jail, which, once again, is not operated by Wellpath. (Doc. #20, pp. 19, paras. 104 - 105). Indeed, consistent with the Plaintiff's pleading, the language of the Act makes clear that it does not support any claim against Wellpath and no facts are alleged in the First Amended Complaint to support any finding to the contrary.

Accordingly, because the Plaintiff has failed to state a cause of action against Wellpath in his Ninth Claim, that claim should also be dismissed with prejudice.

WHEREFORE, Defendant, WELLPATH LLC, respectfully requests that this Honorable Court grant its Motion to Dismiss and enter an order dismissing with prejudice all claims against Defendant in the First Amended Complaint pursuant to Rule 12(b)(6), awarding Defendant costs, and granting any other appropriate relief in Defendant's favor.

10

Respectfully submitted,

HALL & EVANS, LLC

By: /s/ *Ronald E. Neroda*

Ronald E. Neroda
Madeleine E. Young
Hall & Evans LLC
220 North Green St., Second Floor
Chicago, IL 60607
(224) 335-7557
nerodar@hallevans.com
Attorneys for Defendant
WELLPATH LLC

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2024, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Ronald E. Neroda*