IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEANDRE BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:23-cv-05020 |
| RONALD HAIN, in his individual and official ) | |
| capacity; KANE COUNTY ILLINOIS; ) | The Honorable Sara L. Ellis |
| ROCHELLE STOCKMAN, in her individual ) | Jury Trial Demanded |
| capacity; A. KEATY, in his individual capacity; ) | |
| S. MCKANNA, in his individual capacity; and ) | |
| DR. KUL SOOD, in his individual capacity ) | |
| ) | |
| Defendants. ) | |

**INDIVIDUAL DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, ROCHELLE STOCKMAN, RN, and DR. KUL SOOD, MD, by and through their attorneys of HALL & EVANS, LLC, and for their Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6), state as follows:

**I.     Introduction**

This matter arises from Plaintiff's claims that he was provided with constitutionally inadequate and otherwise unlawful accommodations and health care while in custody as a pretrial detainee[1] at the Kane County Adult Justice Center (the "Jail"), starting in March 2023. (Doc. 92, ¶¶ 1, 40). Plaintiff brings five counts in his Second Amended Complaint, and for the reasons set forth below, each and every count against Nurse Rochelle Stockman and Dr. Kul Sood ("Individual

---

[1] https://www.wspynews.com/news/local/chicago-man-under-arrest-after-armed-robbery-and-attempted-vehicle-hijacking/article_cf58993e-c00a-11ed-bf4d-e75187a6a30b.html

Defendants") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Rule 12(b)(6) Standard

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the nonmoving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atlantic Corp.*, 550 U.S. 544, 570). In order to satisfy the plausibility standard, a plaintiff must plead specific facts that support the legal claims asserted in the complaint. *Id*. In other words, the plaintiff must plead facts sufficient to "raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), (quoting *Bell Atlantic Corp.*, 550 U.S. 544, 556).

While a plaintiff is not typically required to plead detailed factual allegations, the law demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, at 678. In order for a complaint to survive a motion to dismiss, it must contain sufficient factual allegations "which states a claim for relief that is plausible on its face." *Id*.

## III. Argument in Support of Dismissal

A.  *Claims against Dr. Sood and Nurse Stockman in Second Amended Complaint*

In his Second Amended Complaint, Plaintiff alleges that he suffers from paralysis in his right leg, uses a wheelchair, and has limited control over his bladder and bowels. (Doc. 92, ¶. 1).

In connection with his claims in this case, he alleges that he was housed in an inaccessible cell without necessary and proper accommodations, including a proper mattress and wheelchair. (Doc. 20, ¶¶ 2 – 3, 47, 50).

Plaintiff's Second Amended Complaint contains five Counts, two of which are brought against the Individual Defendants:

- Count III – 42 USC § 1983 Denial of Due Process in Violation of the Fourteenth Amendment (Doc. 92, p. 16);
- Count IV – 42 USC §1983 Deprivation of Equal Protection in Violation of the Fourteenth Amendment (Doc. 92, p. 19).

Plaintiff failed to plead sufficient allegations in both Counts to survive a motion to dismiss, and his claims against the Individual Defendants should be dismissed with prejudice.

### A. *Dismissal of Third Claim – 42 USCS § 1983 – Denial of Due Process in Violation of the Fourteenth Amendment*

In Count III, Plaintiff alleges that Nurse Stockman and Dr. Sood were informed and aware of Bradley's condition and failed to secure a proper wheelchair and a medical mattress for him. (Doc. 92, ¶ 47). Plaintiff then claims that under KCAJC policies and practices, security officers were allowed to overrule decisions and judgments of the medical staff, and in the present instance, <u>security officers interfered and prevented Bradley from securing a proper bed and wheelchair that was selected by medical staff to accommodate his disability</u>. (Doc. 92, ¶ 50), (emphasis added).

Although the purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *See Timm, Inc. v. Bank One Corp., N.A.*, No. 04 C 3541, 2005 U.S. Dist. LEXIS 21039, at *1 (N.D. Ill. Sep. 22, 2005).

Despite his claims that the Individual Defendants failed to take reasonable precautionary measures to secure a proper wheelchair and medical mattress, Plaintiff then alleges that the County/Sheriff co-Defendants <u>interfered and prevented Bradley from securing a proper bed and wheelchair that was selected by medical staff</u> to accommodate his disability. (Doc. 92, ¶¶ 47, 50). In other words, Plaintiff admits that the medical staff did, in fact, select an appropriate wheelchair and mattress for Bradley, but that those items were not permitted to be used by security staff. This allegation is fatal to his claim, and Plaintiff has effectively pled himself out of Court. (Doc. 92, ¶ 50).

Moreover, Plaintiff can plead no set of facts under which the Individual Defendants could be liable to Plaintiff for their failure to select the medical equipment that Bradley requested. After admitting that the Individual Defendants selected a wheelchair and mattress for Bradley, he then alleges that the KCAJC security officers overruled the decision of the medical staff. For these reasons, Plaintiff cannot prevail on Count III, and it should be dismissed with prejudice.

    **B.** ***Dismissal of Fourth Claim - 42 USC §1983 Deprivation of Equal Protection in Violation of the Fourteenth Amendment***

In Count IV, Plaintiff alleges that the Individual Defendants acted under color of law and in their individual capacities and discriminated against Bradley because of his disability, by isolating him from other detainees and refusing him proper cell accommodations. (Doc. 92, ¶¶ 90, 93). He further alleges that pretrial detainees with physical disabilities are dependent upon <u>KCAJC and its staff</u> to accommodate their disabilities and to provide them with the basics of living. (Doc. 92, ¶¶ 89, 90) (emphasis added).

Plaintiff claims that KCAJC has only limited accessible cells, exercise areas, bathrooms, and bathing facilities, and the handicap rails or emergency call buttons aren't appropriately located. (Doc. 92, ¶ 91). He further alleges that Plaintiff was discriminated against when he was

refused an accessible cell, causing him physical injury and pain and suffering. (Doc. 92, ¶ 95).

Equal protection is violated in the constitutional sense where a plaintiff is able to show intentional or purposeful discrimination in the administration of a <u>state classification.</u> *Lundblade*, 631 F. Supp at 220 (citations omitted). *Woods v. Maxwell*, No. 84 C 9118, 1989 U.S. Dist. LEXIS 7637, at *8 (N.D. Ill. June 30, 1989), (emphasis added).

As Plaintiff alleges in his complaint, Dr. Sood was the <u>medical officer</u> at KCAJC who was employed by Wellpath to provide medical services to incarcerated persons at the Kane County Jail. (Doc. 92, ¶ 6). Nurse Stockman was the <u>healthcare unit administrator</u>, who was also employed by Wellpath. (Doc. 92, ¶ 18). However, Plaintiff then alleges that he was "totally dependent" on <u>Ronald Hain, the Sheriff of Kane County,</u> for his accommodations. (Doc. 92, ¶¶ 62, 16).

As medical providers within the Jail, neither Nurse Stockman nor Dr. Sood could grant or deny Bradley accommodations requested for his disabilities because, as Plaintiff alleges, he was dependent on KCAJC and Hain to accommodate his disabilities, not the medical staff. Plaintiff again pleads himself out of court, as he conflates the responsibilities of the Individual Defendants and County staff.

As it relates to Plaintiff's allegations of discrimination, he fails to plead specific facts that the Individual Defendants acted with the intent to purposefully discriminate against him and to cause him harm based on his disability.

Plaintiff further alleges that Nurse Stockman and Dr. Sood's actions, policies, and procedures deprived Bradley of his rights to safety, privacy, security, and well-being in violation of the Equal Protection Clause of the Fourteenth Amendment, as he was not afforded an accessible cell given his disability. (Doc. 92, ¶ 94). As Individual Defendants, Nurse Stockman

and Dr. Sood had no decision-making power to enact any action, policy, or procedure to deprive Plaintiff of his rights under the Fourteenth Amendment, nor could they assign, move, or provide Bradley with any accommodations he requested, as medical staff at the Jail.

Plaintiff has again pled himself out of any claim against the Individual Defendants. A reading of Plaintiff's Fourth Claim makes clear that this cause of action is brought only with respect to the facilities at the Jail operated by the Jail/Sheriff. Therefore, because Plaintiff has failed to state a cause of action against the Individual Defendants under the Equal Protection Act of the Fourteenth Amendment, the Fourth Claim should be dismissed with prejudice.

WHEREFORE, Defendant, ROCHELLE STOCKMAN, RN and DR. KUL SOOD, MD respectfully request that this Honorable Court grant its Motion to Dismiss and enter an order dismissing with prejudice all claims against the Individual Defendants in the Second Amended Complaint pursuant to Rule 12(b)(6), awarding Defendants costs, and granting any other appropriate relief in Defendant's favor.

Respectfully submitted,

HALL & EVANS, LLC

By: /s/ *Madeleine E. Young*
Ronald E. Neroda
Madeleine E. Young
Hall & Evans LLC
121 W Wacker Dr., Suite 2150
Chicago, IL 60601
(224) 335-7557
nerodar@hallevans.com
youngm@hallevans.com
Attorneys for Defendants
ROCHELLE STOCKMAN, RN, AND
DR. KUL SOOD, MD

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2025, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ <em>Ronald E. Neroda</em>