IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEANDRE BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:23-cv-05020 |
| ) | |
| RONALD HAIN, in his individual ) | District Judge Sara L. Ellis |
| and official capacity; KANE ) | |
| COUNTY, ILLINOIS; ROCHELLE ) | Magistrate Judge Jeffrey I. Cummings |
| STOCKMAN, in her individual ) | |
| capacity; A. KEATY, in his individual ) | |
| capacity; S. MCKANNA, in his ) | |
| individual capacity; and DR. KUL ) | |
| SOOD, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## AGREED QUALIFIED HIPAA PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

### PLAINTIFF'S MEDICAL RECORDS/HIPAA

(1) The parties and their attorneys, and any future parties and their attorneys, in the above-captioned litigation are hereby authorized to receive, subpoena and transmit "protected heath information" pertaining to **DEANDRE BRADLEY** (hereinafter "Plaintiff") to the extent and subject to the conditions outlined herein.

(2) For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected

health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff, to attorneys representing Plaintiff and Defendants in the above-captioned litigation.

(4) The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

(5) Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

(6) Unless retention of records is otherwise required by law, within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, except that counsel are not

required to secure the return or destruction of protected health information submitted to the court.

(7) This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

(8) othing in this Order authorizes counsel for Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. **Prior to requesting any mental health records, drug and alcohol treatment records, or HIV and AIDS-related information, the requesting party must seek leave of court.**

(9) This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal. *See* Local Rule 26.2.

**ENTERED:**

Date: November 21, 2025

Sara L. Ellis
United States District Judge